## STATE, for the Use of POLK and GRAHAM, v. WILDS.

Court of Common Pleas. May, 1818.

*Clayton's Notebook, 177.*

Debt on administration bond given in the year 1800. N. Wilds made a nuncupative will in the year 1800 and died, and proceedings being had in Chancery in relation to the will, it was by a decree declared good. Reversed in Errors and Appeals, 1811. Afterwards a distribution account of N. Wilds' estate was filed in the Register's office. Ann Graham, one of N. Wilds' daughters, and for the recovery of whose distributive share this suit was brought, was at the time of his death, and continued to be until her own death in 1813, a *feme covert*. Administration was not taken out on her estate until 1817, when this suit was com-

---

[2] Blanks in manuscript.

menced, more than three years having elapsed from the death of Ann Graham to that time.

Defendant pleaded Statute of Limitations. Issue joined.

*Ridgely,* for plaintiff. The three years after coverture do not begin to run until after administration taken out on the estate of Ann Graham, for until then there was no person who could bring a suit for her distributive share. This case is within the equity of the saving clause of the Act, 1 Del.Laws 425, c. 186, s. 14, and the suit having been brought within three years after administration granted is a sufficient answer to defendant's plea, 2 Co.Inst. 519 (not in point), 2 Vern. 695, (*ibid.*) 3 Wils. 145, Esp. N.P. 152.

*Hall, contra.* The three years ran from death of Ann Graham. You must expound laws, [you] cannot legislate. Now the Act contains no saving clause in regard to executors and administrators. You cannot make one. 2 Co.Inst. 519 is not law. 1 Leon. 211, 2 Saund. 121, n. 5, nor 2 Vern. 695. *Vide* 7 Bac.Abr. 83, 2 Selw. 721, 1 Selw. 130, Story Eq.Pl. 78.

Special verdict, and *curia advisare vult.*

*Et vide* for plaintiff, 2 Saund. 63g. *Cary v. Stephenson,* 2 Salk. 421, Carth. 335, 1 Com.Dig. title "Assumpsit" H, 6, 7, p. 221. For defendant, *Gray v. Mender,* 1 Str. 556.